## PEELLE et v FEDERAL LAND BANK

Ohio Appeals, 1st Dist, Clinton Co

No 109. Decided April 17, 1936

G. E. Miller, Dayton, for plaintiffs in error.

Barnes & Barnes, Wilmington, for defendant in error.

## OPINION

BY THE COURT:

The question of error presented by this proceeding grows out of the foreclosure of a mortgage by The Federal Land Bank against Peelle and others. While the action was pending, on motion, the court of common pleas appointed a receiver to take possession of the real estate in question, collect the rents, issues, and profits, make necessary repairs, and keep the premises in proper condition, pay the taxes and expenses, etc. The appointment of the receiver was made over the objection of the defendants, Miriam B. Chenoweth and J. B. Ruffner, who had taken over the real estate covered by the mortgage, assuming the mortgage. Error is prosecuted to the appointment of the receiver.

It is claimed that the appointment was made without a proper showing either in the petition for foreclosure or under the evidence adduced, contending that it was essential that the petition or the motion for the appointment of the receiver show that not only the condition of the mortgage has not been performed, but that probably the property is insufficient to cover the mortgage debt, and further the mortgage covers the rents and profits.

A copy of the mortgage which is sought to be foreclosed in the original action is made a part of the petition. The 6th paragraph of the mortgage provides:

"Upon commencement of a suit in foreclosure of this mortgage or at any time during the pendency thereof. the court in which such suit is pending, upon application of the party of the second part, its successors or assigns, may at once and without notice to the parties of the first part, or any person claiming under them appoint a receiver for said premises to take possession thereof, * * *"

The condition broken is alleged in the petition and the paragraph of the mortgage, above quoted, authorizes plaintiff to take the action that it did in applying for a receiver, and is the authority in the court to make the appointment under the terms of the contract.

Plaintiffs in error, Chenoweth and Ruffner, are grantees of the original mortgagor and assumed the mortgage, and are, therefore, bound by the terms of the mortgage, binding the mortgagor, his successors and assigns. Moreover, §11894 GC provides in subsection 2, that a receiver may be appointed:

"2. In an action by a mortgagee, for the foreclosure of his mortgage and sale of the mortgaged property, when it appears that the mortgaged property is in danger of being lost, removed or materially injured, or that the condition of the mortgage has not been performed, and the property is probably insufficient to discharge the mortgage debt;"

Under this section it is not necessary that the petition contain the averments suggestd in the brief of counsel for the plaintiffs in error, but may be shown by proper evidence on a motion for the appointment either in the form of affidavit or of evidence.

The record discloses that the affidavit of the Vice President accompanied the motion for the appointment of. the receiver, in which he sets up the 6th paragraph of the mortgage, about quoted, and states in the affidavit that the mortgaged property is in danger of being materially injured and that the property is probably insufficient to discharge the mortgage debt. This would be sufficient to comply with the statute, had this been all the evidence adduced. However, the bill of exceptions taken on the hearing on the motion for the appointment of the receiver does

not make the affidavit referred to a part thereof. The only evidence contained in the bill of exceptions is the testimony of one witness who was the field agent for the plaintiff bank, in which he discloses an attempt at a plan to re-amortize the loan, which re-amortization failed. The certificate by the trial court does not certify that this is all of the evidence taken at the hearing, but to the contrary, certifies:

"Thereupon on the evidence adduced and the statements of the respective counsel, the court held that the plaintiff was entitled to a receiver and granted same."

What the statements of counsel were, if any were taken, does not appear.

On this state of the record, this court cannot pass upon evidentiary matters upon which the ▆▆▆▆ court acted in appointing the receiver. It must, therefore, be presumed that the court acted upon sufficient evidence, required under the law, and its judgment in appointing the receiver is affirmed.

ROSS, PJ., MATTHEWS & HAMILTON, JJ., concur.